UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,

    Plaintiff

v.

CAPTAIN PUGH, ET AL.,

    Defendants

CIVIL ACTION NO. 3:13-CV-1278

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

FILED
SCRANTON

JUL 3 0 2013

PER _____
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the LCCF, Captain Pugh, and Deputy Warden Larson as Defendants. (Id.). Plaintiff alleges that the night shift guards have been reading his legal mail and refused to send certain mail, that the LCCF has refused to provide free envelopes, and that the LCCF limits the number of free stamps he can receive each week. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 4).

Pursuant to the screening requirements of the Prison Litigation Reform Act ("PLRA"), Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 9) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 7, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that Defendant

---

[1] Plaintiff has since been released on bail. See (Docs. 7-8).

[2] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

LCCF be dismissed with prejudice, that the First Amendment interference with legal mail claim and denial of access to courts claim be dismissed without prejudice, along with Defendants Pugh and Larson, until Plaintiff fully exhausts administrative remedies. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 10). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). Notably, the motion/objection is dated June 7, 2013, the same day the R&R was issued. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed

---

[3] Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and states that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 9, pp. 4-6). Initially, Magistrate Judge Blewitt finds that the complaint is subject to dismissal without prejudice for Plaintiff's admitted failure to exhaust administrative remedies. (Id. at p. 10). The Magistrate Judge explains the exhaustion requirement and determines that the screening court may sua sponte dismiss a complaint without prejudice when it is clear from the face of the complaint that the plaintiff did not complete the prison's administrative remedy process prior to filing suit. (Id. at pp. 7-10), citing 42 U.S.C. § 1997e(a); Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002); Jones v. Lorady, 2011 U.S. Dist. LEXIS

3

64672 (M.D. Pa. 2011) (Kosik, J.). Next, Magistrate Judge Blewitt determines that the LCCF is not a proper defendant in a section 1983 action because it is not a "person" subject to suit under federal civil rights laws. (Doc. 9, p. 10), citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). The Magistrate Judge therefore concludes that it would be futile to afford Plaintiff an opportunity to file an amended complaint against Defendant LCCF. (Id.), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The R&R then discusses Plaintiff's constitutional claims. (Id. at pp. 10-15). Magistrate Judge Blewitt decides that he will not fully analyze the merits of the First Amendment interference with legal mail claim as it is unexhausted, but notes that the complaint fails to allege that either named Defendant was directly involved. (Doc. 9, pp. 12-13) (citing Turner v. Safley, 482 U.S. 78 (1987); Jones v. Brown, 461 F.3d 353, 358-59 (3d Cir. 2006)). As to the First Amendment denial of access to courts claim, Magistrate Judge Blewitt finds that Plaintiff's twenty-three (23) cases filed in this Court belies any claim that he has been denied access or that he was not provided with sufficient envelopes, paper, and stamps. (Id. at pp. 14-15) (quoting O'Connell v. Sobina, 2008 U.S. Dist. LEXIS 2467 (W.D. Pa. 2008)). The R&R also notes that the complaint does not allege any actual injury to any non-frivolous claim with respect to the denial of access to courts claim, or allege the personal involvement of either named Defendant. (Id.). Accordingly, the Magistrate Judge recommends that Defendants Pugh and Larson be dismissed without prejudice, but finds futility in allowing an amendment until Plaintiff fully exhausts all of his available administrative remedies. (Id.).

Having reviewed the R&R for clear error and finding none, it will be adopted.[4]

---

[4]This Court recognizes that Plaintiff is no longer incarcerated; however, it was Plaintiff's status at the time he filed the instant complaint that determines whether the PLRA's exhaustion requirements apply. See Pamplin v. Coulter, 2012 U.S. Dist. LEXIS 76381, *11-13 (W.D. Pa.

4

Defendant LCCF will be dismissed with prejudice and the remaining claims and Defendants will be dismissed without prejudice for Plaintiff's failure to exhaust. Also, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate Order will be issued.

Date: July 30, 2013

United States District Judge

---

2012) (concluding that a "plaintiff is a 'prisoner' under the PLRA if he was a prisoner confined in a correctional facility on the date the complaint was filed"), citing Ahmed, 297 F.3d at 210; Rye v. Erie County Prison, 689 F. Supp. 2d 770, 772 n.2 (W.D. Pa. 2009) ("It is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s [the PLRA's] exhaustion provision applies.") (internal citations omitted).

5